UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT FRED ELLIOT, a/k/a
ROBERT FRED ELLIOTT,

                Petitioner,

     v.

RON HAYNES,

                Respondent.

CASE NO. 3:25-cv-05781-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: April 8, 2026

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Robert Fred Elliot,[1] proceeding *pro se* and *In Forma Pauperis* ("IFP"), filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 1. For the reasons set forth herein, the Court concludes the Petition is time barred and **RECOMMENDS** the Petition be **DISMISSED with prejudice** and a certificate of appealability be **DENIED**.

---

[1] The record indicates two spellings of Petitioner's name.

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

On May 5, 2019, a jury found Petitioner guilty of felony indecent exposure and obstructing a law enforcement officer. Dkt. 20-1, Ex. 1 at 1, 2; Ex. 6 at 13. The jury also returned special verdicts finding sexual motivation and rapid recidivism. *Id.* On May 17, 2019, the Pierce County Superior Court entered judgment and sentenced Petitioner to 30 months of confinement and 36 months of community custody. Dkt. 20-1, Ex. 1 at 7. Petitioner did not file a direct appeal from the superior court's judgment.[2] Dkt. 20-1, Ex. 6 at 14.

On November 24, 2019, Petitioner filed a Personal Restraint Petition ("PRP") in the Washington Court of Appeals,[3] Dkt. 20-1, Ex. 4, followed by a supplemental motion for appropriate relief on October 25, 2021. Dkt. 20-1, Ex. 2. On December 15, 2021, the court of appeals granted Petitioner's motion to supplement the PRP and accepted for consideration the supplemental brief received on November 24, 2021. Dkt. 20-1, Ex. 6 at 89; Ex. 8 at 1.

In his PRP and supplemental briefing, Petitioner argued: "(1) his sentence of 30 months of confinement and 36 months of community custody exceeds the statutory maximum sentence of 60 months; (2) that the decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), affects his sentence; (3) that he was induced to go to trial because of the State's aggressive plea offer; (4) that the State presented insufficient evidence of sexual motivation; and (5) that his trial counsel was ineffective for not arguing that he had the freedom of speech to make a statement

---

[2] Petitioner alleges he believed his attorney had appealed the superior court's judgment and only discovered his attorney had failed to do so after the one-year statute of limitations had expired. Dkt. 8 at 13–14.

[3] The Washington Court of Appeals Division II date stamped the PRP as filed "2019 NOV 24 PM 1:52." *Id.* Respondent's appellate brief responding to the PRP also indicates the PRP was filed in November 2019. Dkt. 20-1, Ex. 6 at 14. However, in these federal habeas proceedings, Respondent asserts Petitioner filed his PRP on November 24, 2020, twice within the Response, and relies on this erroneous date to argue statutory tolling is unavailable under the AEDPA. *See* Dkt. 19 at 3, 8. This material discrepancy could have significant implications in this case. Thus, when considering the AEDPA period of limitations, the Court relies on the court of appeals November 24, 2019, date stamp to assess the Petition's timeliness under the AEDPA as discussed further below.

REPORT AND RECOMMENDATION - 2

during the crime." Dkt. 20-1, Ex. 8 at 1. In response, the State conceded, "that as to issue (1), the combined sentences render Elliott's judgment and sentence facially invalid and thus his petition not time barred." Dkt. 20-1, Ex. 8 at 2. On July 26, 2022, the court of appeals issued an unpublished opinion accepting the State's concession that the combined sentence of 30 months in confinement and 36 months in community custody ordered by the superior court was facially invalid, and remanding Petitioner's judgment and sentence for correction. *Id.* The court denied the remainder of Petitioner's PRP as time barred and thus denied his request for appointment of counsel. *Id.*

Petitioner sought discretionary review by the Washington Supreme Court, and a Deputy Commissioner denied review on October 3, 2022. Dkt. 20-1, Ex. 10. The ruling recognized the conceded sentencing error warranted limited relief but found the remaining grounds "were at best a mixture of nonexempt grounds for relief and potentially exempt grounds under RCW 10.73.100, making the petition untimely." Ex. 10 at 1–2.

On November 9, 2022, the court of appeals issued a certificate of finality, Dkt. 20-1, Ex. 11, and the superior court entered an order correcting Petitioner's judgment and sentence, Dkt. 20-1, Ex. 12. Petitioner did not appeal the corrected judgment.

On September 3, 2025, Petitioner filed the instant habeas Petition. Dkt. 1. On January 28, 2026, Respondent filed a Response to the instant Petition with an accompanying state court record, asserting the Petition was filed outside of the one-year statute of limitations. Dkts. 19, 20. Respondent maintains the Petition is therefore time barred and should be dismissed with prejudice. Dkt. 19 at 9. To date, Petitioner has not filed a reply and his time for doing so has passed. Thus, the instant Petition is ripe for disposition.

//

REPORT AND RECOMMENDATION - 3

## II.    DISCUSSION

Petitioner filed his Petition on September 3, 2025. Dkt 1. However, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 19 at 7–9. Petitioner has offered no response. *See* Dkt.

**A.    Statute of Limitations – 28 U.S.C. § 2244(d)**

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

If a petitioner fails to seek direct review of his conviction in state court, the state-court judgment becomes final when the time for seeking direct review elapses. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). To seek direct review in Washington state courts, a notice of appeal must be filed with the court of conviction within thirty days after entry of final judgment. Wash. RAP 5.1 and 5.2; *see also* Wash. CR 6 (computation of time in Washington state courts). Thus, if a petitioner does not timely file a notice of appeal, the judgment of conviction becomes final after thirty days, triggering the start of AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1)(A).

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . . is pending." 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). In other words, the time in which a petitioner properly seeks collateral review of his conviction in state court will not count against him for purposes of filing a timely habeas petition in federal court.

REPORT AND RECOMMENDATION - 4

Respondent argues the judgment and sentence entered May 17, 2019, is the appropriate final judgment for assessing AEDPA's one-year limitations period under Section 2244(d)(1)(A) rather than the corrected sentence entered on November 9, 2022. Dkt. 19 at 8. While Petitioner has not offered a response, there is a colorable argument that the corrected sentence entered November 9, 2022, "replace[d] an invalid sentence with a valid one," thus becoming the final judgment under the AEDPA. *See Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) (holding "sentencing errors stemming from a trial court exceeding its statutory authority render a sentencing judgment invalid" under Washington law); *see also* Dkt. 20-1, Ex. 6 at 18 (Respondent's appellate brief concession: "By imposing a sentence where a combination of confinement and community custody ordered exceeds the statutory maximum for felony indecent exposure, the trial court exceeded its statutory authority.").

Regardless, the Court need not reach this issue on the limited briefing here. The instant Petition was clearly filed after the expiration of the AEDPA's statute of limitations utilizing either date for the reasons set forth below.

1.    Judgment and Sentence Entered May 17, 2019

The record reflects that Petitioner did not challenge the initial May 17, 2019, judgment and sentence by filing a direct appeal. *See* Dkt. 8 at 2; Dkt. 20-1, Ex. 1 *State of Washington v. Robert Fred Elliott*, Superior Court for Pierce County Case No. 18-1-04739-2. As a result, Petitioner's conviction and judgment became final on June 17, 2019, and AEDPA's one-year limitations period began to run the following day.[4] *See Patterson v. Stewart,* 251 F.3d 1243,

---

[4] Petitioner had thirty days to file a direct appeal, from May 17, 2019, to June 16, 2019, which was a Sunday. Wash. RAP 5.1 and 5.2. *See also* Wash. CR 6 (computation of time in Washington state courts).  If the last day is a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is neither a Saturday, a Sunday, or a legal holiday"—which would be Monday, June 17, 2019.

REPORT AND RECOMMENDATION - 5

1245–46 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to calculate time limits under AEDPA); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The statute of limitations then ran until Petitioner filed his PRP on November 24, 2019. Accordingly, 160 days had run on the statute of limitations before the PRP was filed, leaving 265 days remaining on the statute of limitations. The statute of limitations was tolled during the period the PRP was pending—until the court of appeals issued the certificate of finality on November 9, 2022. Dkt. 20-1, Ex. 11; *see Phongmanivan v. Haynes*, 800 F. App'x 567, 568 (9th Cir. 2020) (concluding federal statute of limitations was tolled from the time petitioner's PRP was filed until the state appellate court issued a certificate of finality). The statute of limitations began to run again the following day and expired 260 days later, on July 28, 2023. Petitioner did not file his federal habeas corpus petition until September 3, 2025, more than two years after the AEDPA limitations period expired. Thus, unless equitable tolling applies, the Petition is untimely based upon the May 17, 2019, judgment and sentence.

2. Corrected Sentence Entered November 9, 2022

Similarly, the Petition is also untimely when calculating the statute of limitations based upon the November 9, 2022, corrected sentence entered by the superior court. Petitioner did not appeal the amended sentence, and his time to seek direct review therefore expired 30 days later on December 9, 2022. The statute of limitations began to run the following day and expired one year later, on December 11, 2023.[5] Petitioner has not filed any state motions for collateral review of his amended sentence and is therefore not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Thus, considering the corrected sentence on November 9, 2022, as the final

---

[5] Because the statute of limitations expired on Sunday, December 10, 2023, Petitioner had until the following Monday, December 11, 2023, to file a timely federal habeas petition.

REPORT AND RECOMMENDATION - 6

judgment under AEDPA, the instant Petition was not filed until September 3, 2025, over one year and eight months after the one-year time period of limitations expired.

Therefore, based on either possible date of final judgment, the Petition is untimely. As a result, the Petition must be dismissed as time barred unless equitable tolling applies.

**B.      Equitable Tolling**

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations and quotations omitted). To receive equitable tolling, a petitioner must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 F. App'x. 839, 840 (9th Cir. 2005).

While Petitioner has not argued equitable tolling under the AEDPA specifically, the Petition claims he had no knowledge that he could appeal the superior court's judgment and that his attorney failed to submit a notice of appeal on his behalf after the guilty verdict. Dkt. 8 at 6, 7, 9, 13–14. Even so, this does not constitute the type of extraordinary circumstance that would entitle Petitioner to equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone"). Plaintiff represented himself throughout the PRP process, and he waited more than one year and eight months after the court of appeals' certificate of finality and superior court's corrected sentence to file the instant Petition. He has not identified any extraordinary circumstances beyond his control that prevented him from timely filing. Therefore, Petitioner has

REPORT AND RECOMMENDATION - 7

not shown he is entitled to equitable tolling, and the Court finds that his Petition is barred by AEDPA's one-year limitations period.

### III.    EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle the petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 381–82 (2022).

The Court finds that an evidentiary hearing is neither necessary nor permitted by AEDPA in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

REPORT AND RECOMMENDATION - 8

may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability.

## V.    CONCLUSION

Petitioner's § 2254 habeas Petition is untimely as it was filed more than one year after the court of appeals' certificate of finality and the superior court's corrected sentence became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d), and the Court **RECOMMENDS** the Petition be **DISMISSED with prejudice**. No evidentiary hearing is required and a certificate of appealability should be denied. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

REPORT AND RECOMMENDATION - 9

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 8, 2026, as noted in the caption.

Dated this 25th day of March, 2026.

_____
Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10